Taet, J.,
concurring. Inasmuch as no reasons were advanced or arguments made for reversal of the judgment of the Court of Appeals, I concur in the affirmance of that judgment. However, in such an instance, where admittedly only one side of the questions involved have been presented and the appellant is asking for an affirmance, it appears to me to be not only unnecessary but also unwise for this court to give any other reasons for its judgment. For example, those being advanced in the per curiam opinion herein would apparently have required different decisions from those which were apparently rendered by this court in State, ex rel. Dempsey, Chief Justice, v. Zangerle, Aud., 114 Ohio St., 435, 151 N. E., 194; State, ex rel. Matthews, v. Andrews, 97 Ohio St., 333, 120 N. E., 879; and Board of County Commissioners of Butler County v. State, ex rel. Primmer, City Solicitor, 93 Ohio St., 42, 112 N. E., 145. Although the Primmer case (93 Ohio St., 42) has been subsequently followed by this court on at least two occasions and has never been questioned, the Primmer case is not referred to in the report of the Godfrey case (95 Ohio St., 166); and the Godfrey case has never been noticed by this court in considering any question of law relating to either Section 20 or Section 26 of Article II of the Constitution. I do not believe that this court should, by dressing it up as other than a consent judgment, lure prospective litigants, other courts and even itself into regarding the judgment being rendered in the instant case as other than a consent judgment. It is elementary that a consent judgment (apart from any effect under the doctrines of res judicata and estoppel by judgment) cannot be considered as a precedent in a later case. 21 Corpus Juris Secundum, 383, Section 209. See 14 American Jurisprudence, 291, Section 75.